# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MCCALLUM, <br><br> Plaintiff, <br> vs. <br><br> BANK OF AMERICA CORPORATION, a Delaware corporation, <br><br> Defendant. | CASE NO. 10-CV-528-IEG (NLS) <br><br> **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** <br><br> [Doc. No. 3] |

Presently before the Court is Plaintiff's Ex Parte Motion for Temporary Restraining Order ("TRO Motion"), filed on April 9, 2010, seeking this Court's order enjoining Defendant from proceeding with a foreclosure sale. (Doc. No. 3.) The foreclosure sale is set for April 22, 2010 at 10:00 a.m.[1] Having considered both parties' arguments, and for the reasons set forth below, the Court DENIES Plaintiff's TRO Motion.

## **FACTUAL BACKGROUND**

The following facts are drawn from Plaintiff John McCallum's ("Plaintiff") Complaint unless otherwise noted. (Doc. No. 1.) In early 2005, Plaintiff sought financing to purchase property, located at 816 27th Street #13, San Diego, CA 92102. Plaintiff applied for a loan from Countrywide Financial

---

[1] Plaintiff's ex parte motion originally stated the sale was set for April 15, 2010, but Plaintiff has since informed the Court that the sale was postponed. (Declaration of Harold M. Hewell ("Hewell Decl.") ¶ 2.)

1 ("Countrywide"). A Countrywide employee, Barry Varshay, collected Plaintiff's information for the
2 loan application over the telephone. Plaintiff informed Varshay that he earned $66,019.00 from a
3 sales job in 2004, as well as $5,666.00 from occasional acting/modeling work. Plaintiff also informed
4 him that he was currently unemployed. According to Plaintiff, Varshay recorded in the loan
5 application that Plaintiff had been a "self-employed actor" for two years, with a monthly income of
6 $6,000.00. Plaintiff was not provided a copy of the loan application for his review and signature.
7 Plaintiff does not recall seeing the loan application until he requested a forensic audit of the
8 transaction. (McCallum Decl. ¶ 9.) Subsequently, his application was approved for a loan in the
9 amount of $260,000.00, and the loan closed on June 29, 2005.

10 According to Plaintiff, he was sold a loan he could not afford, based on untruthful and
11 inaccurate income figures on his application. Plaintiff also alleges failure to provide mandatory
12 disclosures and failure to make good faith efforts to avoid foreclosure.

**PROCEDURAL HISTORY**

14 On March 11, 2010, Plaintiff filed this diversity action against Defendant Bank of America
15 Corporation ("BAC"), which currently owns the loan at issue.[2] Plaintiff's Complaint sets forth nine
16 causes of action: (1) set aside trustee sale, (2) violation of the Perata Mortgage Relief Act, California
17 Civil Code § 2923.5, (3) unfair business practices in violation of California Business and Professions
18 Code § 17200, (4) quiet title, (5) declaratory relief, (6) injunctive relief, (7) intentional
19 misrepresentation, (8) negligent misrepresentation, and (9) rescission.

20 On April 9, 2010, Plaintiff filed the instant TRO Motion seeking this Court's order enjoining
21 BAC from proceeding with the foreclosure sale. (Doc. No. 3.) Plaintiff's counsel filed a declaration
22 stating that the Summons, Complaint, and TRO Motion were served on BAC's registered agent for
23 service on April 9, 2010. (Hewell Decl. ¶¶ 4-5.)

24 On April 13, 2010, the Court issued an Order giving BAC the opportunity to file a response
25 to the TRO Motion. (Doc. No. 5.) Pursuant to the Court's Order, Plaintiff served a copy of the Order
26 on BAC and filed a proof of service. (Doc. No. 6.) On April 19, 2010, BAC filed a response. (Doc.

---

28 [2]According to Plaintiff, Bank of America Home Loans ("BAHL"), formally Countrywide, was acquired by BAC and is how a wholly-owned subsidiary of BAC.

No. 7.)

## LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure authorizes the Court to issue a preliminary injunction or a TRO upon a proper showing. Fed. R. Civ. P. 65. A party seeking a temporary restraining order must demonstrate: (1) the likelihood of success on the merits; (2) the likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. See Winter v. Nat. Res. Def. Council, Inc., — U.S. —, 129 S.Ct. 365, 374 (2008).

## DISCUSSION

Plaintiff has failed to show the requisite likelihood of success on the merits to warrant equitable relief.

Plaintiff seeks rescission of the loan agreement and to quiet title against BAC.[3] However, as BAC argues, Plaintiff has not demonstrated that he is likely to succeed, because the Complaint fails to allege tender. Under California law, "[i]n obtaining rescission or cancellation, the rule is that the complainant is required to do equity, as a condition to his obtaining relief, by restoring to the defendant everything of value which the plaintiff has received in the transaction. Fleming v. Kagan, 11 Cal. Rptr. 737, 740 (Ct. App. 1961); see also Karlsen v. Am. Sav. & Loan Assn., 92 Cal. Rptr. 851, 854 (Ct. App. 1971) ("A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.") "The rule applies although the plaintiff was induced to enter into the contract by the fraudulent representations of the defendant." Fleming, 11 Cal. Rptr. at 740. Also, "[i]t is settled in California that a mortgagor cannot quiet his title against the mortgagee without paying the debt secured." Shimpones v. Stickney, 219 Cal. 637, 649 (1934).

Aside from Plaintiff's failure to allege tender, Plaintiff is unlikely to succeed on the merits for additional reasons. First, there are unresolved issues as to the underlying alleged

---

[3] Plaintiff alleges he is entitled to this relief because of misrepresentations made by Countrywide during the loan origination and failure to provide disclosures required by federal and state law.

misrepresentation.[4]  Plaintiff alleges Countrywide falsely represented on the loan application that Plaintiff was a self-employed actor earning $6,000.000 per month, and that the loan was affordable and could readily be repaid. (Compl. ¶ 66.) According to Plaintiff, he was not provided a copy of the loan application for his review and signature. (Compl. ¶ 18.) Plaintiff states that he did not recall seeing the loan application until he requested a forensic audit of the transaction. (McCallum Decl. ¶ 9.) However, in response, BAC submits the loan application, which is signed and dated by Plaintiff, and states a current monthly income of $5,000.00.[5] (Request for Judicial Notice in Supp. of Opp'n to TRO Motion ("RJN"), Ex. B.) Based on the parties' submissions, the Court cannot determine that Plaintiff is likely to succeed in proving intentional misrepresentation or negligent misrepresentation.

In addition, to the extent Plaintiff bases its claims for rescission or quiet title on violation of the California Perata Mortgage Relief Act, California Civil Code § 2923.5, there are also unresolved issues. Section 2923.5(a)(2) provides that "[a] mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Cal.Civ.Code § 2923.5.  Plaintiff alleges neither BAC nor Countrywide complied with the requirements of Section 2923.5(a)(2) at any time. (Compl. ¶¶ 37, 42.) However, in response, BAC submits the Notice of Default and Election to Sell Under Deed of Trust, with an attached declaration. (Declaration of Rachelle Wickware in Supp. of Def.'s Opp'n to TRO Motion ("NOD"), Ex. C.) The declarant checked the box which states: "BAC Home Loans Servicing, LP tried with due diligence to contact the borrower in accordance with California Civil Code Section 2923.5." (NOD.) Because of the parties' contradictory submissions, the Court cannot determine that Plaintiff is likely to succeed as to this claim.

Because Plaintiff has failed to show the requisite likelihood of success on the merits, the Court

---

[4] BAC also contends that Plaintiff has not sufficiently alleged that BAC, as the parent company, is liable for the actions of its subsidiary, BAHL, formally Countrywide. As BAC argues, as a general rule, a subsidiary and the parent are separate entities, and Plaintiff does not plead specific facts to support imputing BAHL's or Countrywide's actions to BAC on an agency or alter ego theory. However, BAC fails to address Plaintiff's allegation that BAC acquired Countrywide's pre-acquisition liabilities. (Compl. ¶ 10.)

[5] The Court may consider "a writing referenced in a complaint but not explicitly incorporated therein if the complaint relies on the document and its authenticity is unquestioned." Id. (quoting Parrino v. FHP, Inc., 146 F.3d 699, 706 (9th Cir.1998), *superseded by statute on other grounds as stated in* Abrego v. Dow Chem. Co., 443 F.3d 676 (9th Cir. 2006)).

does not consider the remaining three factors.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff has not carried his burden of showing that a temporary restraining order should be issued. Accordingly, the Court DENIES Plaintiff's motion.

**IT IS SO ORDERED.**

**DATED: April 20, 2010**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**